### EMILY W. BRACKETT, Appellant, *v.* ARTEMUS BAUM, Respondent.

A statutory foreclosure and sale under a power of sale contained in a purchase-money mortgage, bars the right of dower of the wife of the mortgagor, who was not a party to the mortgage.

Although she does not derive title from her husband, yet she claims under him within the intent of the provisions of the Revised Statutes regulating mortgage sales under powers. (2 R. S., 745, § 8, as amended by the act of 1840, § 12, chap. 342, Laws of 1840.) It is only by virtue of his seizin that she can claim, and her inchoate right is subject to any claim to which the title he acquired was subject. It is subordinate to a purchase-money mortgage, and subsequent to it in the order of priority; and where it ripens into an actual title, upon the death of her husband, it is subsequent in point of time.

(Submitted June 6th, 1872; decided June 20th, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial district in favor of defendant, entered upon a case submitted under section 372 of the Code.

Plaintiff, as the widow of Oscar B. Brackett, claims dower in certain lands situated in Clay, Onondaga county, purchased by him of Cyril N. Brackett on the 9th of November, 1835. He took a conveyance of the lands on that day, and at the same time gave back a bond and mortgage on the premises for the purchase-money or a part thereof. This was during the coverture.

The mortgage was assigned to one Colvin, who for default of payment foreclosed by advertisement under the statute, and on the sale which took place June 20, 1860, he became the purchaser. Oscar B. Brackett died afterward in the year 1867. The defendant is in possession, claiming title under that mortgage sale. Plaintiff was not a party to the mortgage. She claims dower on the equitable terms of contributing to the payment of the mortgage after an equitable accounting of the rents and profits.

The Supreme Court decided adversely to the claim for dower, and judgment was entered accordingly.

*George F. Comstock* for the appellant. A mortgage is a mere security, the title and seizin remains in the mortgagor. (2 Burrows, 978; Doug., 632; 1 East., 288; 6 Cow., 159.) Even where mortgagee has possession, such possession is but an incident and part of the security. (*Kortright* v. *Cady*, 21 N. Y., 364, 365; 6 Conn., 163; *Mills* v. *Van Voorhis*, 20 id., 412; 3 Johns. Cases, 329; 1 Johns. R., 590; 7 id., 278; 4 id., 42; 15 id., 319; 6 id., 290; 2 Paige, 68, 586; 5 Wend., 602; 2 Barb. Ch., 119; 11 Johns., 534; 4 Kent's Com., 11th ed., 169, note; 4 id., 214, note.) In case of mortgage for purchase-money given during coverture, in which the wife does not join, she is entitled to dower against all persons but the mortgagee. (12 S., 740, § 4; *Mills* v. *Van Voorhis*, 28 N. Y., 412; id., 23 Barb., 125; *Wheeler* v. *Morris*, 2 Bosw., 524.) The right of dower exists in subordination to the mortgage, and is to be asserted in equity upon the terms of redeeming or paying the debt. (*Hitchcock* v. *Harrington*, 6 Johns., 290; *Collins* v. *Terry*, 7 Johns., 278; *Van Tyne* v. *Thayer*, 14 Wend., 233; id., 19 Wend., 162; *Gibson* v. *Crehore*, 3 Pick., 475; *Same*, 5 id., 146; *Smith* v. *Eustes*, 7 Greenl., 41, 43; *Bell* v. *Mayor, etc.*, 10 Paige, 49; *Denton* v. *Nanny*, 8 Barb., 618; *Kittle* v. *Van Dyke*, 1 Sand. Ch., 76.) Plaintiff is not bound by the statute of foreclosure. (1 R. S., 740, § 16; 2 id., 545, 546, § 8.) A foreclosure and sale by suit in equity, does not bar the wife unless she is made a party. (*Mills* v. *Van Voorhis*, 20 N. Y., 412; id., 23 Barb., 125; *Wheeler* v. *Morris*, 2 Bosw., 524; *Denton* v. *Nanny*, 8 Barb., 618.) Plaintiff does not claim under her husband or have title subsequent. Her right is entirely independent and depends upon statute. (*Wilkinson* v. *Parish*, 3 Paige, 657; Parke on Dower, 132, 157, 158, 160; 2 P. Williams, 634; 2 Eq. Cas. Ab., 382; *Derecsk* v. *Brown*, 8 Ham., 412.) The claim which is barred must be, by title, the wife's dower right, until the death of the husband, is not an interest in

lands. (*Moore* v. *Mayor, etc.*, 8 N. Y., 110 ; *Ritchie* v. *Putnam*, 13 Wend., 524 ; *Lawrence* v. *Miller*, 2 Comst., 245 ; id., 254 ; *Gooch* v. *Atkins*, 14 Mass., 378.)

*D. Pratt* for the respondent. The requirements of the statute were all observed. (2 R. S., 2d ed., 450.) Plaintiff's inchoate right of dower was extinguished by the foreclosure and sale. (Laws of N. Y., 1840, p. 290, § 8 ; 2 R. S., 2d ed., 733, § 5.) A foreclosure by advertisement is as effectual as a foreclosure in equity to extinguish interests and claims accruing subsequent to the mortgage. (*Stowe* v. *Tefft*, 15 J. R., 458 ; *Demorest* v. *Wynkoop*, 3 J. Ch., 129.)

Rapallo, J. Prior to the sale under the mortgages, described in the case, Oscar B. Brackett was seized of the mortgaged premises, subject to such mortgages ; and his wife, the appellant, had an inchoate right of dower therein, except as against the mortgagees and those claiming under them. The mortgages having been given for purchase-money of the land, this right of dower of Mrs. Brackett was subject to them, although she was not a party thereto. (1 R. S., 740, § 5.) The only question which requires examination is whether this right of dower was barred by the statutory foreclosure and sale under the power contained in the mortgages, so that the purchasers took a title free from such dower right.

The only statutory provision expressly referring to the wife's dower, in case of a sale under a power contained in a purchase-money mortgage, is to be found in section 6 of 1 R. S., 741, which enacts that in case of such a mortgage, if, after the death of the husband, the mortgagee sells, either under a decree in equity or under a power of sale contained in the mortgage, and there is a surplus, the widow shall be entitled to the income of one-third of such surplus for life as her dower.

The statute contains no express declaration that the sale under the power shall bar the dower of the wife, even in the

case mentioned ; but the plain import of the language is to assume that such would be the effect of the sale. Section 5, immediately preceding, provides that when the mortgage is given by the husband for purchase-money the widow shall not be entitled to dower in the land as against the mortgagee and those claiming under him, though she shall not have united in the mortgage. Where the mortgage contains a power of sale, the effect of this statute is to make the power as well as the lien of the mortgage paramount to the right of the wife, to the same extent as if reserved by the vendor out of the estate granted to the husband ; and a purchaser under such a power would seem to be protected by the very terms of the statute, against any claim of the wife for dower. Her interest can only attach to the surplus produced by the sale. The statute provides for her dower right in this surplus, when the sale is made after the death of the husband ; thus assuming that her right of dower in the land is cut off by the sale under the power. But no provision is made for the case of a sale in the lifetime of the husband. Whether this omission was intended to have the effect of treating the property as converted into personalty and entitling the husband to the whole surplus, if living, or to leave the wife to seek protection in equity for her inchoate right of dower in such surplus, it is difficult to determine ; but it can hardly be supposed that the intention was to deprive the mortgagee of the benefit of an effectual execution of the power of sale during the lifetime of the husband. In all other cases the wife's dower is subjected to the mortgage by her joining in the instrument, and is cut off by the very terms of the statute, she being one of the mortgagors. The construction claimed by the appellant would render this an anomalous (and the only) case in which the mortgagee could not convey a good title under the power as against the wife of the mortgagor.

A sale under a decree in equity bars the equity of redemption of those only who were parties to the action, or who claim under such parties by right accruing subsequent to the commencement of the action ; and in *Mills* v. *Van Voorhies*

(20 N. Y., 412) it was held that this rule was not affected by the provisions of sections 5 and 6 of 1 R. S., 741, before referred to; and that a sale under a decree, in case of a purchase-money mortgage, would not bar the wife's dower unless she were a party to the suit. But a suit in equity is a proceeding of a different character from a sale under a power. It is a judicial proceeding, directly against the parties, to obtain a decree against them, barring their respective rights and equities in the premises : and, of course, no one but parties, or those claiming under them, can be affected by the decree. At the time of the sale in question, mortgage sales, under powers, were regulated by the provisions of 2 R. S., 745, 1st ed., as amended by the act of May 14, 1840, p. 290, § 12. It is not contended that there was any failure to comply with the requirements of that act. The power was, therefore, executed in the manner prescribed by law; and so long as the law permits equities of redemption to be barred under powers, the sale under it should be deemed to cut off all rights and interests which were subject to the power, except so far as the effect of the sale was restricted by the statute. The language of the amended act was that every such sale should be "equivalent to a foreclosure and sale under the decree of a court of equity, so far only as to be an entire bar of all claim or equity of redemption of the mortgagor, his heirs or representatives, and of all persons claiming under him or them by virtue of any title subsequent to such mortgage." This, of course, refers to a suit in equity with proper parties. The only notice then required by law was publication and posting. I think the language of the section sufficiently broad to cover this case. The widow, though not deriving title from her husband, yet claims under him within the intent of that section, especially when read in connection with section 6 of 1 R. S., 741. Her title is wholly dependent upon that which he acquired. It is only by virtue of his seizin that she can claim; and her title is subject to any claim to which the title he acquired was subject. Her inchoate right of dower, though not subsequent in point of

time was subordinate to the mortgage and subsequent to it in the order of priority; and when it ripened into an actual title by the death of the husband it was also subsequent in point of time. The language of the act is the same in this respect as it was when section 6 of 1 R. S., 741 was adopted; and that section clearly assumes that when the sale takes place after the husband's death the dower of the wife is barred. If she is a party claiming under him in that case she is in this; and the legislature must have regarded her as coming within the category of persons claiming under the mortgagor by virtue of a title subsequent to the mortgage. I can see no reason for supposing that it was their intention that the single and anomalous case of a sale during the life of the husband, under a purchase-money mortgage, should have been left, in which the mortgagee could not sell under a power, discharged from a dower right which was subject to the mortgage.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.