Henry B. Barnes et al., Respondents, *v.* Jacob H. Mott, impleaded, etc., Appellant.

Where the owner of premises conveyed to him subject to a mortgage, in ignorance of the lien thereon of a judgment against a former owner, subsequent to the mortgage, pays the mortgage and causes the same to be satisfied of record, he is entitled to have the same reinstated as a lien prior and paramount to the lien of the judgment.

Where lands incumbered by a judgment are conveyed with covenants of warranty to a purchaser for full value, the grantee and his successors in interest occupy a position similar to that of sureties for the judgment debtor and are entitled to the same equities. A release by the judgment creditor without their consent and with knowledge of their rights

of any security to which, in equity, they would be entitled on payment of the judgment, discharges the lien of the judgment.

Accordingly *held*, where, after such a conveyance, the judgment debtor gave an undertaking on appeal from the judgment securing the amount thereof and staying proceedings to enforce the same, and after affirmance of the judgment the judgment creditor, with knowledge of the equitable rights of the owner and without his consent, released the sureties in the undertaking, that thereby the lien of the judgment was discharged.

*It seems*, that the same principle would apply without regard to the covenants in the deed.

(Argued February 21, 1876; decided March 21, 1876.)

Appeal from judgment of the General Term of the Court of Common Pleas for the city and county of New York, affirming a judgment in favor of plaintiffs, entered upon a decision of the court at Special Term.

This action was brought to restrain the sale upon execution of certain premises in the city of New York owned by plaintiff Henry M. Barnes, and to have the lien of the judgment upon said premises discharged; also to restore the lien of a mortgage upon said premises alleged to have been satisfied by mistake.

The facts as found by the court are, in substance, as follows:

The judgment in question was obtained by one Orchard against defendant Britton and one Binninger on the 2d day of February, 1864. At that time Britton was the owner of the premises referred to, which were subject to a mortgage, and the judgment became a lien thereon. In the latter part of 1864, Britton sold and conveyed the premises, with full covenants and warranty, subject to said mortgage, to one Burr, who purchased in ignorance of the judgment and paid the full value therefor. Burr died in the following year and his devisees sold and conveyed the property to a Mrs. Ludlam, one of the plaintiffs herein, who, in the year 1873, sold and conveyed it to plaintiff Henry B. Barnes. Said devisees, prior to the conveyance to Mrs.

Ludlam, in ignorance of the judgment, paid off the mortgage and the same was satisfied of record. At the time of the conveyance to Burr an appeal from the said judgment to the General Term of this court was pending. In October, 1868, the judgment was affirmed by the General Term, and an appeal was thereupon taken to the Court of Appeals. On this latter appeal two of the defendants, Wilson and Darrow, as sureties, executed an undertaking securing the judgment, whereby all proceedings to enforce said judgment were stayed during the pendency of the appeal. In January, 1873, the judgment was affirmed by the Court of Appeals. Immediately thereupon an action was commenced against Wilson and Darrow on their undertaking. In this action Wilson and Darrow were defended by the defendant Wagner, as attorney, who, in March of the same year, settled with the owners of the judgment and took an assignment thereof to himself, and at the same time obtained a discontinuance of the action against the sureties. Within a day or two thereafter Wagner, by a release executed under his hand and seal, released Wilson and Darrow from all liability on the undertaking. Wagner then assigned the judgment to the defendant Mott, who caused an execution to be issued thereon by Wagner, as his attorney, to the sheriff of the city and county of New York. The sheriff levied upon the premises in question and advertised the same for sale, whereupon this action was commenced.

Upon said facts the court directed judgment reinstating the lien of the mortgage and declaring it prior and paramount to the judgment, and also adjudging the premises free and discharged from the lien of the judgment, and directing a perpetual stay of execution on said judgment as against said premises.

*Wm. F. Shepard* for the appellant. The sureties on an undertaking on appeal, as between the original parties are entitled to be subrogated to all the rights of the judgment creditor, both as against the judgment debtor and the real

estate on which the judgment is a lien. (*Mathews* v. *Aiken*, 1 N. Y., 595–599; *Craythorne* v. *Swinburne*, 14 Ves., 159; *Lewis* v. *Palmer*, 28 N. Y., 271–276; *Wells* v. *Kelsey*, 25 How., 384; *Munn* v. *Barnum*, 2 Abb., 409, 410; *Hinckley* v. *Kretz*, 58 N. Y., 583, 590, 591; 1 Story's Eq. Jur., § 499, note 5.) Plaintiffs' grantor took the land subject to the lien of the judgment. (*Wood* v. *Chapin*, 13 N. Y., 509; *Webster* v. *Van Steenbergh*, 46 Barb., 211; *Shell* v. *Telfore*, 4 N. Y. Leg. Obs., 307; 1 Pars. on Bills, 261; *Moyer* v. *Hinman*, 13 N. Y., 183.) The principle of suretyship will not apply between a purchaser of land charged with the lien of a judgment, and the sureties to the judgment creditor on appeal from that judgment. (Pitman, Prin. and Sur., 1, 2; Burge on Suretyship, 1–15; 2 Burr. L. D., 500; 12 Barb., 583.)

*Addison Brown* for the respondents. Burr and his successors stood in the position of sureties, in respect to the premises conveyed. (*Gahn* v. *Niemcewicz*, 3 Paige, 614; 11 Wend., 312; *Bk. of Albion* v. *Burns*, 46 N. Y., 174; 25 id., 481; *Ingalls* v. *Morgan*, 10 id., 178; *Chester* v. *Bk. of Kingston*, 16 id., 336; *Fellow* v. *Prentice*, 3 Den., 521; *Silver Lake* v. *North*, 4 J. Ch., 370; *Clowes* v. *Dickenson*, 5 id., 235; *Governeur* v. *Lynch*, 2 Paige, 300; *Guion* v. *Knapp*, 6 id., 35; *Howard* v. *Halsey*, 4 Seld., 571; 4 Sandf., 565; *James* v. *Hubbard*, 1 Paige, 235; *Johnson* v. *Zink*, 51 N. Y., 331.) Plaintiff's equities were superior to those of the sureties in the undertaking. (*Armstrong's Appeal*, 5 W. & S., 352; *Parsons* v. *Briddock*, 2 Vern., 608; *Wright* v. *Morley*, 11 Ves., 12, 22; *Burns* v. *Huntington Bk.*, 1 Penn. St., 395; *Pitt* v. *Nathan*, 1 W. & S., 352; *Brandenburgh* v. *Flynn*, 12 B. Mon., 397; *Schentegel's Appeal*, 49 Penn. St., 23; *Hinckley* v. *Kreitz*, 58 N. Y., 583; *Delareque* v. *Norris*, 7 J. R., 358; *Champlin* v. *Laytin*, 6 Paige, 195; *Meyer* v. *Clark*, 2 Daly, 497; 46 N. Y., 174.)

ALLEN, J. So much of the judgment as restores the mortgage upon the premises now owned by the plaintiffs, paid off

and satisfied by the devisees of Burr, the then owners, and reinstates the same as a lien upon the mortgaged premises, prior and paramount to the lien of the judgment recovered by Orchard and assigned to the defendant, is clearly right. Upon payment of the mortgage by the then owners of the premises, they were entitled to all the rights of the mortgagee, and to an assignment of the mortgage; and having caused the same to be satisfied under circumstances authorizing an inference of a mistake of fact, equity will presume such mistake and give the party the benefit of the equitable right of subrogation. To do so in this case is to prevent manifest injustice and hardship, and interferes with no superior intervening equities. (*Hyde* v. *Tanner*, 1 Barb., 76; *Runyan* v. *Stewart*, 12 id., 537, per WELLS, J.)

The other and principal question presented by the appeal is more difficult of solution. The plaintiffs, as successors in interest of Burr, the grantee of Britton, the judgment debtor, occupy the same position and have the same rights and equities that he would have had had he continued the owner of the premises upon which the judgment was a lien. The plaintiffs are not technically sureties for the judgment debtor, but, in virtue of their ownership of lands incumbered by the judgment against the grantor under whom they claim title, who conveyed the same for full value with covenants of warranty, they occupy a position very similar to that of sureties, and are entitled to the same equities, so far as they can be administered consistently with the rights of others. The doctrine of subrogation or substitution, at first applied in behalf of those who were bound by the original security with the principal debtor, has been greatly extended, and the principle, modified to meet the circumstances of cases as they have arisen, has been applied in favor of volunteers intervening subsequent to the original obligation, and as between different classes of sureties, and in the marshaling of assets, and prescribing the order in which property and funds shall be subjected to the discharge of different classes of obligations, and as between different classes of creditors,

so as to do substantial justice and equity in each case. (Story's Eq. Jur., §§ 633, 635, 636; *Bank of United States* v. *Winston*, 2 Brock, 252; *Ingalls* v. *Morgan*, 6 Seld., 179.)

As grantees of the land with covenants against incumbrances, broken at the instant the grant was made, they might, at any time, but for the stay by the appeal, have paid off the incumbrance and had their action for the full amount paid. (*Prescott* v. *Freeman*, 4 Mass., 627; *Hall* v. *Dean*, 13 J. R., 105; *Delavergne* v. *Norris*, 7 id., 358; *Dimmick* v. *Lockwood*, 10 Wend., 142.) But, without respect to the covenants in their deed, the plaintiffs, as the owners of property charged with the debt of another, would, upon payment of the incumbrance, have become subrogated to all the rights of the judgment creditor, and to all the securities which he held for the payment of the judgment. (Story's Eq. Jur., § 1227; *Pardee* v. *Van Auken*, 3 Barb., 534; *Ellsworth* v. *Lockwood*, 42 N. Y., 89; *Wright* v. *Morley*, 11 Ves., 12; *Parsons* v. *Briddock*, 2 Vern., 608.)

Had there been other lands incumbered by the same judgment, whether owned by the judgment debtor or conveyed by him to others, the plaintiffs might have compelled the sale of such lands in that order which would have preserved the rights and equities of all; that is, the sale of the lands owned by the debtor first in order, and then those which had been sold by the debtor in the inverse order of alienation. (*Howard Ins. Co.*, v. *Halsey*, 4 Seld., 271; *Guion* v. *Knapp*, 6 Paige, 35; *Gouverneur* v. *Lynch*, 2 Paige, 300.) Applying the same principles, had the judgment creditor — with knowledge of the plaintiffs' rights — disqualified himself from transferring to the plaintiffs any securities to which in equity they would have been entitled upon the payment of the judgment, or without their consent released any such securities, or property primarily liable, or dealt with the principal to the prejudice of their rights, the lien of the judgment would have been discharged in equity. (*Stevens* v. *Cooper*, 1 J. C. R., 425; *Bank of Albion* v. *Burns*, 46 N. Y., 170; *Chester* v.

*The Bank of Kingston*, 16 id., 336.) These principles are very familiar and of frequent application to all cases of suretyship, or in which parties are pledged, either personally or by incumbrances upon their property, for the debts of others, and there is no distinction recognized between those originally bound and those becoming by some subsequent act or assent upon their part. The plaintiffs at any time, upon payment of the judgment and becoming subrogated to the rights of the judgment creditor, would have succeeded to the remedies which the latter would have had against the sureties, upon the appeal from the judgment; that was one of the securities which he had and was bound to hold for the benefit of any who stood in the equitable relation of sureties for the payment of the judgment, either by reason of their personal obligation or because their property was bound. Sureties are entitled to be subrogated to the rights of the creditor as against all subsequent sureties. (*Parsons* v. *Briddock*, *supra*.) The sureties upon the appeal intervened as volunteers, and by their interposition got time for the principal debtor, to the prejudice of the prior sureties and of the plaintiffs, whose lands were bound for the judgment, and they must be considered in equity as in the same condition as any other sureties voluntarily undertaking for the payment of the judgment. Their obligation inured to the benefit not only of the creditors, but of any and all who had become before them in any way sureties for the payment of the debt. The plaintiffs, therefore, were entitled to the benefit of that undertaking, and the discharge of it without their consent was, in equity, a discharge of their property from the lien of the judgment. ( *Pott* v. *Nathans*, 1 W. & S., 155 ; *Armstrong's Appeal*, 5 id., 352 ; *Burns* v. *Huntingdon Bank*, 1 P. & W. [Penn.], 395 ; *Schnitzel's Appeal*, 49 Penn. St., 23.) The principle of the cases cited from the Pennsylvania reports was adopted and applied, and the doctrine of subrogation. and the rights and equities of different classes of sureties as between each other, well considered in *Hinckley* v. *Kreitz* (58 N. Y., 583.)

The judgment creditor by discharging the sureties upon the appeal, without the consent or privity of the plaintiffs, and with knowledge of their rights, entitled them to the relief demanded in this action. The obligation and undertaking of the sureties upon the appeal were as much for the benefit of the plaintiffs as of the judgment creditor, and the latter could not discharge the sureties, and at the same time keep the plaintiffs or their property charged with the debt.

Judgment must be affirmed.

All concur, except CHURCH, Ch. J., not voting.

Judgment affirmed.