Van Vorst, J.
The mortgage to Timothy G. Churchill is of a date and lien anterior to the Brook-man judgment.
*148 As the moneys paid and advanced by the defendants, the Life Insurance Company and Lanier, in all the sum of $10,000, was so paid and advanced, to-take up that mortgage, upon the understanding and belief that there was no lien on the premises but that mortgage, it is just and equitable that these parties should be subrogated to the rights of' Churchill and his mortgage (Barnes v. Mott, 64 N. Y. 397).
The plaintiff is in no worse position by reason of the-cancellation of that mortgage, and has not acquired any rights against it, solely through these defendants, paying it off, under the supposition that the property was otherwise unincumbered, and he must yield to the equity of these defendants. The learned counsel for the plaintiff, in his closing argument, frankly concedes the justice and propriety of this, notwithstanding such-conclusion places the Brookman judgment, in any event, in subordination to the claims of these two-defendants, under that mortgage, which they hold for-their protection. This result, although it involves the dismissal of the complaint as to the defendant, the Mutual Life Insurance Company, does not absolutely end the controversy as to the other defendants who-have answered. Some preliminary objections taken by the defendant Lanier to the plaintiff’s action must be noticed.
One is that the action is unnecessary, as the relief demanded, if proper to be granted, could have been obtained by motion in the original suit.
This objection, I think, would have been good if no parties were concerned other than the sureties and the parties to the action in which the judgment was obtained.
It cannot but be, that if a judgment has been marked “secured on appeal,” without notice to the sureties, that they could apply to the court, by motion *149 in the action, to vacate an order so improvidently made.
As section 282 of the Code provides for giving them notice of a motion so to mark the judgment, they .should have a standing, affirmatively, to bring the matter before the court, in the same manner for relief against an order made without notice to them. But when the rights of others, purchasers and mortgagees, strangers to the action in which the judgment was recovered, are concerned, they cannot be disposed of in such summary manner, and an action becomes necessary.
Nor is the objection available that in the event the order marking the judgment secured on appeal be adjudged void, the plaintiff’s remedy at law was ample.
The jurisdiction of a court of equity upon the matters alleged in the complaint, cannot well be questioned.
But, although the relief sought may not be beyond the jurisdiction of a court of equity, it was and still remains a rule that when the aggrieved party has a complete remedy at law, he will be remitted to that forum.
But it was repeatedly decided by the chancellor that after a party had submitted to the equitable cognizance of an action, it was too late to object that the remedy of the party was at law.
This objection must be taken at the earliest opportunity, and by answer (LeRoy v. Platt, 4 Paige, 77; Cumming v. The Mayor, &c., 11 Id. 596). And under the present system the same rule obtains (Truscott v. King, 6 N. Y. [2 Seld.] 147, 165; Cox v. James, 45 N. Y. 557-562).
No such objection having been taken by answer, this objection cannot now be urged.
It remains to consider the chief question about which a contention exists between the plaintiff and the defendant Lanier, and in which the defendant Fuller» ton is also concerned. '
*150 Section 282 of the Code provides that the court in which a judgment is recovered, may, on special motion, after notice to the person owning the judgment, or toMs attorney, and to the sureties to the undertalcing on appeal, by order except from the lien of the judgment the whole of the property upon which the judgment is a lien, or a specific part thereof, and may direct an entry to be made by the clerk on the docket of the judgment that the same is “ secured on appeal,” and thereupon the judgment shall cease, during the pendency of the appeal, to be a lien upon the property so exempt, as against purchasers and mortgagees in good faith.
These provisions in regard to marking a judgment secured on appeal being created by statute, in order to obtain a valid order the statute must be complied with. Jurisdiction is only obtained in that way. However it may be with regard to the persons who have notice of the application, it cannot be reasonably insisted that an order obtained under the section of the Code now considered, would be good as to those who had received no-notice, and had no opportunity to be heard.
The rights and remedies of such person cannot bo affected by such order to Ms injury.
Brookman, the plaintiff in the judgment, had notice, and he appeared by counsel and opposed the application. The grounds of his opposition do not appear. As to the subject-matter of the application, the court had jurisdiction upon service. Having been served with notice thereof, he is bound by the order made on the motion. He did not appeal from the order, but submitted to the same (Gould v. Root, 4 Hill, 554; Fisher v. Hepburn, 48 N. Y. 41)
It is true if the order was void as to Mm, he was not bound to appeal (Kamp v. Kamp, 59 N. Y. 212).
But as to him, all the purposes contemplated by the statute were answered. He had his day in court, and *151 if the order was erroneous, he had ample redress by appeal.
The law firm of which Mr. Fullerton, one of the sureties on the undertaking, was a member, made the motion. The notice of motion states the fact that Mr. Fullerton was one of the sureties.
With respect to Mr. Fullerton, he must be regarded as having participated in the action of his firm in ob taining the order. A member of a law firm should be regarded civiliter, as having notice of the acts of his firm in all legal proceedings conducted by it honestly and in an orderly way.
The several members of the firm constitute but one person in law. “The act of one in the business which concerns the subject-matter of the partnership, is the act of all the parties” (McFarland v. Crary, 8 Cow. 258). The same rule would apply to the business regularly prosecuted by the firm.
As already stated, it does not appear what objections the counsel of Brookman urged in opposition, but it is not probable that he objected that Mr. Fullerton had not been served. To any such objection, the answer could have been well made, that he was present, through his firm, making the motion. That would have been a good answer. He was constructively present, as an officer of the court, asking for the order. He could not in the same breath ask for and oppose it. The fact stated in the notice of motion that Mr. Fullerton was one of the sureties, influenced the making of the order.
As to the creditor and Mr. Fullerton, the order must be held valid, and the defendant Lanier, who purchased the property in question, and advanced his means, relying upon the action of Mr. Fullerton’s firm, in obtaining the order, and upon the acquiescence of the creditor therein, by not appealing therefrom, should be held harmless in his action based upon the *152 validity of the order. But as to the plaintiff, the co-surety with Mr. Fullerton, he has neither done or omitted any act so as to be prejudiced by the order. His rights are the same as though the order had not been made.
Upon payment of the judgment he would be entitled to be subrogated to the rights of the creditor, and enforce the same against all property upon which it was a lien, when he became surety, unless the lien had been lost through some act or omission, of the creditor.
The creditor, as the owner of the judgment, could without doubt by some affirmative act give up the lien of the judgment, but that would be to discharge the sureties. But nothing of that kind can be claimed in this case. If a creditor acts in bad faith or is grossly negligent, whereby the value of the security is injured, the loss thus occasioned is a defense to that extent to the sureties (Black River Bank v. Page, 44 N. Y. 453).
In Hinckley v. Kreitz, 58 N. Y. 583-592, Chuboh, Ch. J., adopts the comprehensive statement of Stoby. “ That if a creditor does any act injurious to the surety, or inconsistent with his rights, or if he omits to do any act, when required by the surety, which his duty enjoins him to do, and the omission proves injurious to the surety; in all such cases the latter will be discharged” (1 Story’s Eq. Juris. § 325).
The creditor performed no act injurious to the surety, neither was he guilty of gross negligence. He employed counsel to oppose the motion. In spite of his opposition the motion was granted. The lien was not affected by any act or blameable omission of the creditor. He could not control the decision. His omission to appeal would not have the effect'to discharge the sureties. It cannot be said that this omission was gross negligence. He had counsel, and presumedly acted upon his advice.
*153 Plaintiff did not pay the judgment creditor.
The judgment was paid in lull by Mr. Fullerton, alter it had been affirmed on appeal, plaintiff agreeing to pay the one hall thereof. Mr. Fullerton took an assignment to himself ol the judgment, and plaintiff afterwards, without any knowledge ol the order marking the judgment “ secured on appeal,” paid Mr. Fullerton one hall, and took an assignment Irom him ol the judgment to that extent.
II the action ol Mr. Fullerton’s firm in obtaining the order had had the effect to cancel the lien ol the judgment as to plaintiff, it may be that he could not have maintained an action lor contribution against his co-surety, but as the order did not have that' effect his ■claim lor contribution was good.
It is urged by the counsel lor the delendant Lanier, that the plaintiff acquired no right, and can invoke no remedies under the judgment, other than those existing in lavor ol Mr. Fullerton; his assignor, and that the lien being extinguished by the order, as to him, it cannot exist in lavor ol his assignee.
An assignee, in general, succeeds to no greater rights than those existing in lavor ol the person irom whom he takes title.
But the rights and remedies ol plaintiff do not flow altogether Irom the assignment ol the judgment to him.
It was in virtue ol his becoming surety on the appeal bond, that he was, upon payment ol the judgment in whole or in part, entitled to be subrogated to the rights ol the creditor under the judgment, existing at the time he signed, the undertaking on appeal.
And when he paid one-hall the judgment, although such payment was made to his co-surety, his right to enforce the same was unaffected by the order in question, made without notice to him.
It is difficult to discover any equity in favor of *154 defendant Lanier, superior to the plaintiff’s equitable rights of complete subrogation to the creditor’s securities and liens unaffected by the order.
The defendant, Lanier, has acquired no such equity through any act or omission of the plaintiff.
The invalidity of the order in question, so far as it affected the plaintiff, appeared in the proceedings, and was open to any person proposing to deal with the judgment debtor, or acquire an interest in his property.
There are cases in which the rights of bona fide purchasers, taking title to land, when the docket of a judgment against the same showed that it was vacated, have been protected, notwithstanding the entry on the docket was subsequently vacated (King v. Harris, 34 N. Y. 330 ; Union Dime Savings Institution v. Duryea, 3 Hun, 210; Driggs v. Simson, 3 Supm. Ct. [T. & C.] 786 ; Beebe v. Bank of N. Y., 1 Johns. 529).
It does not appear that the orders in question in these cases were void for want of jurisdiction in the court making the same, or that any such defect appeared in the proceedings.
On the other hand, Kamp v. Kamp, supra, holds that no rights can be acquired under an order which the court had no jurisdiction to make, and that the person against whom it is sought to be enforced may resist it at all times.
But, although the plaintiff is entitled to relief against the order in question, in so far as it presents an obstacle to his temedles under the judgment, and his right to enforce the same against all the property of the judgment debtor, upon which it was a lien when he signed the undertaking ; yet, under the evidence I cannot say that he is absolutely entitled to satisfy the same out of the property of the defendant Lanier.
It appears that the judgment debtor owned other real property in the city of New York of considerable value, upon which the judgment was also a lien, and *155 that he continued to own and hold the same until November, 1872, when he conveyed the same to C. K. Garrison. Such conveyance being made long after the deed to the defendant Lanier.
The rule in equity is that when resort is to be had against property sold by a judgment debtor, under circumstances and conditions existing in this case, the judgment must be enforced by sale of the land in the inverse order of alienation (Barnes v. Mott, supra; Guion v. Knapp, 6 Paige, 35).
The fact of the holding of such land by the judgment debtor, and its conveyance to Garrison, is set up in the amended answer of the defendant Lanier. Garrison is not, however, a party to this action, and he cannot be concluded by any judgment which may be made herein until he be made a party.
From all that appears, the property last conveyed by the judgment debtor should be sold by the plaintiff under the judgment. But there may exist reasons in this instance why such rule should not prevail. That can only be determined after an opportunity to Garrison to be heard has been given.
A complete determination of the plaintiff’s rights, and the equities of the defendant Lanier, require the presence of Garrison as a party defendant.
Such result will obviate the necessity of another action.
The equities of the defendant Lanier cannot be defeated by an omission to make Garrison a party; and unless a question which must be determined before the plaintiff can enforce his judgment out of the property of the defendant Lanier is now decided, another action is inevitable, which should be avoided.
It is a rule in equity that all persons should be made parties whose presence is necessary to a complete decree or judgment with regard to the interests involved in the issues raised by the pleadings.
*156 Under the provisions of the Code a plaintiff is not at liberty to select just such parties as he chooses to affect by the judgment, and none others (Moak's Van Santvoord's Pleadings, 105).
Equity favors the bringing in all the parties interested in the particular subject matter, when complete justice can bf done to all, and thus prevent excessive litigation (1 Story's Eq. Juris. § 457).
And when it appears that a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in (Code, § 122; Shaver v. Brainard, 29 Barb. 25; Valentine v. Wetherill, 31 Id. 655).
This duty is imperative upon the court. I think it, therefore, my duty, in view of the plaintiff’s claims and the rights of the defendant Lanier, in both of which Garrison is interested, and in order that there be a complete and effective determination of the matters in issue, to direct that he be made a party defendant, and "that further proceedings herein be suspended until he be made such party. And to this end, that the plaintiff be at liberty to amend his complaint, without costs, making C. K. Garrison a defendant. Which being done, the cause may be brought on for a further hearing, so that a complete judgment may be made, in which the rights of all concerned will be adequately protected and secured.