## SUPREME COURT.

Augustus F. Holley agt. Abraham Van Dolsen and others.

*Mechanic's liens — when ineffective — when lienors proper parties to an action of foreclosure.*

The filing of a notice of lien by a material-man, creates no lien upon the premises described, where the party to whom the materials were furnished was erecting the buildings for the owner of the land, who had engaged to advance to the builder the moneys as the work advanced, there being nothing due upon the contract when the lien was filed and the builder afterwards abandoned the work, which was completed by the owner with his own means.

Robinson, J., in *Burbridge* agt. *Marcy* (54 *How.*, 446), followed.

Where the builder had an equitable interest under the contract, and would be entitled to the premises upon complying with the terms of a contract with the owner, which he never did, *held*, that, in action by the owner of the land to foreclose the interest of the builder, the persons filing the notices of lien and making adverse claims to the owner were proper parties.

*Special Term, March,* 1878.

The defendant, Da Cunha, had a contract with the plaintiff, who was the owner of certain lots of ground in New York, to build for plaintiff dwelling-houses thereon. Da Cunha was to be paid by installments, as the work advanced. He was, upon the completion of the work, and upon paying the plaintiff for the building and lots, upon terms fixed between them, to be entitled to the premises.

During the progress of the work of building, the defendant, Van Dolsen and others, who had furnished material to Da Cunha used in the building, filed notices of liens upon

the premises. But at the time of filing the notices of liens there was nothing due Da Cunha under his contract with plaintiff, and Da Cunha, subsequently abandoning the work, the same was completed by the plaintiff, with his own means.

The plaintiff commenced this action to foreclose the equitable right and interest of Da Cunha under the contract, and makes the persons who had filed liens parties to the action.

*Frederick Smyth*, for plaintiff.

*Mr. Norwood*, for defendants.

VAN VORST, *J.* — I think the action of the plaintiff is well brought. It affords a proper and convenient means of testing and disposing of the interests involved, and the various claims interposed as liens upon the plaintiff's property.

The defendants, Van Dolsen, Amott and Cochran, acquired no liens upon the plaintiff's land, in pursuance or by virtue of their claims filed. There was nothing due Da Cunha under his contract with the plaintiff at the time of filing the claims of the defendants; and his abandonment of the work, and allowing the same to be completed by the plaintiff with his own means, left nothing remaining in Da Cunha's favor to which the liens could attach so as to affect either land or buildings, the latter having been constructed with the plaintiff's money.

The land belonged to the plaintiff, and the interest of Da Cunha therein, at best, was equitable only, to be enforced by him in the event that he fulfilled his part of the contract. This he failed to do.

Da Cunha was not the agent of the plaintiff; he was struggling to acquire rights and property in himself. In that he failed completely.

It was proper to make these defendants parties to this proceeding. They claimed an interest adverse to the plaintiff's. This appears by the pleadings.

Holley agt. Van Dolsen.

It is a rule in equity, that all persons should be made parties, whose presence is necessary to a complete judgment, with respect to the interests involved, as disclosed by the pleadings (*Green* agt. *Millbank*, 3 *Abb. N. C.*, 155).

The clear and able opinion of ROBINSON, J., in *Burbridge* agt. *Marcy* (54 *How.*, 446), which I follow, is adverse to the claims of these defendants.

There should be judgment for the plaintiff for a sale of the premises, but as to the defendants, Van Dolsen, Arnott and Cochrane, the plaintiff is not entitled to costs