# SUPREME COURT.

JOHN GREEN agt. ROBERT W. MILBANK, CORNELIUS K. GARRISON and others.

*Surety and co-surety — liability of one to the other.*

Where a creditor, whose claim against the sureties is valid, commenced an action against them upon an undertaking given on appeal from a judgment, and pending the action, one of the sureties paid the judgment to the creditor, at the request of his co-surety, upon his promise to reimburse him one-half the amount:

*Held,* that the surety who paid the creditor, relying upon such promise, could recover of his co-surety one-half of the judgment, notwithstanding that the law firm of the surety, to whom the promise was made, had procured the judgment to be marked secured on appeal, without notice to the co-surety, the surety himself, at the time he paid the judgment, being ignorant of the irregularity in the order. *Vide Green* agt. *Milbank* (3 *Abb. N. C.*, 138) where facts are stated.

A surety has the same responsibility for keeping alive securities in favor of his co-surety, from whom he claims contributions, as a creditor has in behalf of sureties.

*Flemming* agt. *Waterhouse* (40 *Superior Court R.* [8 *J. & S.*], 424) distinguished.

A surety who has paid to his co-surety his proportion of the claim of the creditor, which was in judgment, is entitled to be subrogated to the creditors' right to enforce the judgment out of the property of the judgment debtor, upon which it was a lien, and to follow land conveyed away by the judgment debtor, notwithstanding an order marking the judgment secured on appeal, the order being, as to the creditor and the surety, irregular and void.

The effect of a *voluntary* payment made by a surety of a debt barred by the statute of limitations as void for usury or other cause, considered.

*Special Term, October, 1878.*

Green agt. Milbank.

*Moses Ely*, for plaintiff.

*George P. Andrews*, for defendant Garrison.

*Henry E. Davies*, for defendant Mutual Insurance Company.

Van Vorst *J.*— When this case was, on a previous occasion, brought on for trial, from the evidence then introduced, it appeared to me that a complete determination of the plaintiff's rights, and the equities existing in favor of the defendant Lanier, required the presence of *Cornelius K. Garrison* as a defendant. The reasons for such conclusions were then given (*Vide Green* agt. *Milbank*, 3 *Abb. N. C.*, 138, 155).

Garrison has been brought in as a defendant, and the case comes on for a further hearing, in pursuance of the order then made; and in his behalf additional evidence has been introduced. Mr. Andrews, the counsel for Mr. Garrison, who now first appears in the case, stated that he did not propose to reargue any of the questions raised, or passed upon, at the former hearing of the action.

But he now urges that a point, which he deems decisive of the case, was not, at the former hearing, raised by counsel, nor considered by the court.

The point suggested is, that as between the plaintiff and the defendant Fullerton, the action of Mr. Fullerton's firm, in procuring the entry of the order " secured on appeal," released plaintiff from all obligation to contribute to Mr. Fullerton, and that the plaintiff, having paid Mr. Fullerton *voluntarily*, and when he was under no legal obligation to do so, and with knowledge of that order, cannot now enforce the Brookman judgments out of the lands conveyed to the defendant, Garrison.

It has been previously decided, in this case, that the plaintiff had neither done nor omitted any act so as to be prejudiced by the order making the judgment " secured on appeal," and that his rights were the same as though the order had not

been made. This was a right of subrogation to the claims and remedies of the creditor, to enforce the judgment, against all property upon which it was a lien when he became surety, unless the lien was lost through some act or omission of the creditor. It was also decided that the creditor had neither done, nor omitted to do, any thing to discharge his complete remedy against the sureties; that his claim against them was wholly unaffected by the order, making the judgment "secured on appeal."

It appears by the evidence, now introduced, that the creditor commenced an action against Fullerton and the plaintiff, the sureties, to inforce their liability on the undertakings on appeal. It appears by the evidence of judge Reynolds, that both defendants were served with process in that action. His register shows that.

After the commencement of that action Mr. Fullerton had an interview with the plaintiff, in which, as he testifies, it was agreed between them that Mr. Fullerton should pay the full amount and take an assignment of the judgment for the benefit of himself and plaintiff, and that plaintiff would afterwards reimburse him half the sum paid.

Mr. Fullerton accordingly, in June, 1873, paid to the creditor the amount of the judgment and took an assignment of the same, in his own name, and that ended the action of the creditor against the sureties.

In the view I have taken of this case, the creditor having neither done, nor admitted to do, any thing to impair his remedy against them, could have recovered in his action the amount of his judgments against both sureties had the same not been adjusted. And the fact that the same was paid, under the circumstances disclosed by Mr. Fullerton, is an admission on their part of their liability upon the undertaking.

After the payment of the judgments Mr. Fullerton demanded of the plaintiff the payment of the one-half thereof, and he failing to respond Fullerton commenced an action against him for moneys paid out and expended for his use and at his

Green agt. Milbank.

request. An answer containing a general denial was interposed to the complaint. But after one or more interviews between the plaintiff, his attorney and Mr. Fullerton the plaintiff finally agreed to pay one-half of the judgments, and on the 30th day of October, 1873, through his attorney, he actually paid the amount and received an assignment of one-half the judgments. It is now urged by the counsel for defendant Garrison that the payment of one-half of the judgments to Fullerton by the plaintiff was a voluntary act, and after knowledge of the defects in the proceeding to have the judgment marked secured, and that, as a consequence, the plaintiff must fail in this action.

When the case was before me on the previous hearing there was nothing to show that the plaintiff had any knowledge of that order, and, hence, in the opinion it was stated that the plaintiff, "without any knowledge" of the order, paid Mr. Fullerton. It was also stated that if the action of Mr. Fullerton's firm in obtaining the order had had the effect to cancel the lien of the judgments as to the plaintiff, it may be that he could not have maintained an action for contribution against his co-surety; "but as the order did not have that effect his claim for contribution was good."

The facts that the action of Mr. Fullerton's firm had not canceled the lien of the judgment as to the plaintiff, and that he had not been released by the creditor, are important and controlling in this controversy. Under a sense of his legal liability, of which he was satisfied, he agreed that if Fullerton paid the claim he would reimburse him one-half. If the claim had been invalid as to the plaintiff, his agreement to pay one-half could not have been enforced; but the claim in favor of the creditor was good, and so acknowledged. Fullerton, acting upon the plaintiff's admission, in the creditors' action pending against him, and at his request, advanced the money to pay the plaintiff's proportion upon his promise to repay, and that was a good consideration to sustain Fullerton's subsequent suit for moneys paid out and advanced. Although

the action in favor of Mr. Fullerton was not technically for contribution but upon the plaintiff's promise, yet the promise arose out of a conceded liability to contribute.

But it is urged by the defendants' counsel that although the plaintiff yielded to the claim of Fullerton, he was not legally bound to pay him; that his act was voluntary. I think he was liable; I do not see how he could have avoided answering to his promise upon which Fullerton advanced his proportion of the money.

In support of his proposition the defendants' counsel urges that the law firm of Mr. Fullerton had, by their action, impaired the security which was the plaintiff's indemnity; that the remedy to enforce the judgment was, by the order which that firm had obtained, abridged; that in order to enforce the remedy of the sureties against the property of the defendants, the order must be set aside, which burden impaired the availability of the security.

To sustain this view reference is made to *Fielding* agt. *Waterhouse* (40 *Supr. Ct. R.*, 424). SEDGWICK, J., who delivered the opinion in that case, carefully considers the duties and obligations of sureties to each other. His reasoning and conclusions are satisfactory.

As is stated by him " a co-surety has, of course, the same responsibility for keeping alive securities in favor of his co-surety, from whom he claims contribution, as a creditor has in behalf of sureties " (*American Leading Cases* [5th ed.], vol. 2, *p.* 400, 452). Judge SEDGWICK enumerates certain acts which, if done by a creditor, would discharge the sureties in whole or in part, or, if done by a surety, would have the same effect as to his co-surety.

If a security be released, or satisfied, or a levy on goods discharged, such acts would be prejudicial to the rights and remedies of the sureties, and would discharge them in whole or in part, according to the extent of the injury.

In that case a judgment had been satisfied of record, for which act the surety, who had taken part in the arrangement,

Green agt. Milbank.

was held responsible, and lost his right to compel his co-surety to contribute.

It appeared in that case that the only redress open to the surety, for the act of his co-surety, would be through an action in equity to have the judgment revived, which burden and risk he should not be compelled to bear.

It appeared, however, in the case, as the judge stated, that in such equitable action the surety must fail, as the judgment could not be restored for any purpose.

From that case and others, which are cited by the learned judge, it is here argued that the making of the judgment secured on appeal, having rendered this suit in equity necessary, a burden and vexation, which his co-surety should not have imposed upon the plaintiff, Fullerton could not have obliged the plaintiff to contribute, and for the reason that he did contribute under such circumstances, he cannot enforce the judgments.

This objection amounts to this : The plaintiff, to obtain redress, was obliged to bring this action ; he has brought it, and for that reason should fail of success. But an objection of this nature I should say was personal to the surety. In most cases, the surety only obtains satisfaction through trouble, expense and delay.

But I am not prepared to say that the plaintiff, for redress, was shut up to an action in equity. The objection has already been taken in this action, on behalf of another defendant, that the suit was wholly unnecessary, as the plaintiff had a complete remedy at law. That objection was overruled, not, however, for the reason that there was no such remedy, but because this court had jurisdiction, and the objection was not taken in season.

But, in respect to the substance of this objection, it does not appear that Mr. Fullerton took any personal part in obtaining the order, nor that he had any actual knowledge of this order when he paid the judgment and the plaintiff's promise to reimburse him was made. On the other hand, he

has testified that he had no knowledge on the subject. Personally, therefore, he had done nothing to the injury of his co-surety.

It has been decided in this action that Mr. Fullerton can make no claim against the defendants, Garrison and Lanier, or their property, for the reason that it would be inequitable that he should collect any thing out of their property, because they bought from the judgment debtor, relying on the regularity of the order obtained by Fullerton's law firm; and that, as they had invested their money on the faith of the order, Fullerton was estopped, by the act of his partners, from setting up any claim against them.

But I do not think that, as between him and his co-surety, the plaintiff, whose position has not been injuriously affected by the order, the action of his law firm, of which he was ignorant, could have been successfully interposed by the plaintiff to defeat the action of Fullerton against him for the recovery of half the judgment.

It is urged by the defendants' counsel that there is evidence from which it may be reasonably inferred that, when plaintiff paid Fullerton, he had knowledge of the invalidity of the order, or that the attorney who represented him at that time had such knowledge.

I think the evidence does not justify such conclusion — certainly not as to the plaintiff himself. The plaintiff's attorney, called as a witness for the defendant, has testified that he advised his client that he was legally bound to pay Fullerton's claim. In his opinion he was so bound; that after he had delivered the check to Mr. Fullerton in payment of the plaintiff's share, but in the same interview he learned of the infirmity existing in the order.

But when such knowledge was obtained the claim was already discharged by payment.

It is true that the attorney, after he learned such fact, could have stopped payment of the check if he supposed he would be justified in so doing.

But I cannot say that he was called upon to take such step and involve his client in an expensive litigation with Fullerton who had asserted his legal claim through an action.

I cannot say that the plaintiff, if chargeable with the knowledge thus acquired by his attorney, was bound at once to recall the check and decide to contest, at 'his own expense, a suit at law brought by his co-surety.

I do not think he was under any duty to the defendant in the judgment, or those claiming 'under or through him, to assume such risk and personal responsibility.

His good faith, upon the facts, cannot be questioned. He acted under the advice of counsel and paid under the compulsion of a suit at law pending against him which it was his interest to resist, if he could successfully, but which he believed he could not defeat.

The defendants' counsel refers to cases in which it has been decided that a voluntary payment by a surety of a debt barred by the statute of limitations would not enable the surety to recover of the principal debtor (*Hatchett* agt. *Pegram*, 21 *Louisiana Ann.*, 722).

And that the payment of a usurious claim, with notice of its true nature, was essentially invalid and gave no right of indemnity ( *Whitehead* agt. *Peck*, 1 *Kelly* [*Georgia*], 141–151 ; see, also, 1 *Leading Cases in Equity* [4th *Amer. ed.*], *pp.* 178, 184, 289, 290).

But no such question arises here. The judgments paid by Fullerton were valid claims against the judgment debtor. He cannot escape them from any thing appearing in this action.

And it is such valid claim against this debtor which the plaintiff now seeks to enforce against property held by the debtor, when the judgment was recovered and the liability of the sureties incurred.

This plaintiff has done nothing to prejudice or influence the defendants, who purchased from the judgment debtor, and there is no legal or equitable reason why he should not be indemnified out of this property. The records were open

to them. They bought voluntarily and for their own advantage. Had they fully investigated before taking title, they would have discovered the invalidity of the order as to the plaintiff.

· It appears that they did not discover the irregularity. No blame can be attached to the plaintiff for that, nor, as far as is discoverable, does any blame attach to the defendants' counsel, who, in examining the title, relied upon the clerk's return and information derived from sources upon which he believed he could safely depend.

The plaintiff is in no true sense a volunteer in a matter which he asserts to the defendants' injury. He held out as long as he reasonably and consistently could, and then, under the pressure of a suit, satisfied the demand of his co-surety, and should be allowed to enforce his claim in this action, notwithstanding the order making the judgment "secured on appeal," which, as to him, is adjudged to be invalid.

As to the defendant, the Mutual Life Insurance Company, the complaint is dismissed with costs to them after their answer was interposed.

The plaintiff is entitled to costs against the other defendants. The plaintiff's counsel must prepare the findings of facts and conclusions of law, with a form of judgment for the enforcement of his claim, which will be settled upon notice to the other side.