## SARAH C. SHELDON, APPELLANT, *v.* ABRAHAM W. HOFFNAGLE AND OTHERS, RESPONDENTS.

*Equitable subrogation — right of a widow, by virtue of her dower interest, to redeem from a mortgage, to the foreclosure of which she was not a party — judgment.*

In an action, brought to recover dower in certain lands, it appeared that the husband of the plaintiff had purchased, during coverture, land upon which he had executed to his grantors a mortgage to secure the purchase-price. A junior mortgagee, in whose mortgage the plaintiff did not join, having purchased the premises under a foreclosure of his mortgage, paid up the prior purchase-money mortgage in order to protect his own title, and caused such purchase-money mortgage to be satisfied and discharged of record.

*Held,* that, having paid the prior mortgage under such circumstances, he became equitably subrogated to, and entitled to enforce, the rights of the mortgagees in such purchase-money mortgage.

That such rights were not affected by the fact that the purchase-money mortgage had been satisfied and discharged of record.

That, inasmuch as the plaintiff had not been made a party to any foreclosure suit, by which her right of dower in the premises was foreclosed, she was entitled, in equity, to redeem as against the said purchase-money mortgage.

That, as this action was brought to recover dower in the premises on the assumption that such purchase-money mortgage had been discharged, and had no existence as against the plaintiff's right of dower, and the plaintiff showed no right to recovery upon such grounds, that judgment should be rendered for the defendants on the merits; without prejudice to the plaintiff's right to maintain an action to redeem the premises from such purchase-money mortgage, and upon such redemption to recover her dower interest therein.

APPEAL from a judgment dismissing the plaintiff's complaint, entered in the Essex county clerk's office on the 1st day of June, 1888, after a trial at the Essex County Circuit before the court without a jury.

The action was brought to recover dower in certain lands in Willsborough, in said Essex county. The defendant claimed under a foreclosure of a junior mortgage on the premises (to which the plaintiff was not a party) given by the plaintiff's husband; and also asserted a right, by way of equitable subrogation, under a prior purchase-money mortgage given by the husband on the purchase of the premises by the husband. The plaintiff in this action had not been made a party defendant to the action for the foreclosure, or to any other proceeding which barred her dower interest in the premises.

*B. Pond*, for the appellant.

*Richard L. Hand*, for the respondents.

INGALLS, J. :

The decision by the court at Special Term was quite as favorable to the plaintiff as the facts and law would warrant, and the judgment entered in the action should be affirmed, with costs. The reasons assigned by the learned justice who tried the action, as they appear in his opinion, are so far satisfactory as to render it unnecessary to further discuss the questions involved. Neither the facts or the law establish, in favor of the plaintiff, any right or equity superior to that which the judgment herein secures to her.

TAPPAN, J. :

This is an action to recover dower; the trial was had before the court, without a jury; the facts upon which the rights of the parties depend are stated in the findings of fact upon which judgment is ordered, and are restated in this opinion.

The lands from which plaintiff claims dower were purchased by Oscar F. Sheldon, her husband, during coverture, and he executed a mortgage to his grantors for and to secure the full purchase-price. As against the mortgagees in such mortgage, or those claiming under them, although she did not unite in such mortgage, plaintiff is not entitled to dower. (3 R. S. [7th ed.], 2197, § 5 ; *Brackett* v. *Baum*, 50 N. Y., 8.) Edmund Hoffnagle did not purchase the property described in the complaint, of Oscar F. Sheldon, and promise to pay this purchase-money mortgage as part of the consideration of his purchase. He had debts against said Sheldon, secured by a junior mortgage upon the premises covered by such original purchase-money mortgage ; he paid upon such last mortgage, in the first instance, by virtue of a privilege given by his mortgage to preserve his security ; and, after he had bid in the premises upon the foreclosure of his own mortgage, he paid up the purchase-money mortgage, as allowed by the decree in the action brought to foreclose his mortgage, to protect his own title, and caused such purchase-money mortgage to be satisfied and discharged. Having paid under such circumstances, he became equitably subrogated to the rights of the mortgagees in the purchase-money mort-

gage, notwithstanding that mortgage was satisfied and discharged; and he and the defendants who derive title from him claim under such mortgagees, and as against the plaintiff's claim for dower in the premises, they have the same rights as such mortgagees in possession would have. As to right of subrogation, see Thomas on Mortgages ([2d ed.], §§ 451, 452, 453); *Hyde* v. *Tanner* (1 Barb. Supr. Ct., 76); *Runyan* v. *Stewart* (12 id., 537); *Barnes* v. *Mott* (64 N. Y., 397, 401); *Popkin* v. *Bumstead* (8 Mass., 490, 493); *Barnes* v. *Camack* (1 Barb. Supr. Ct., 392, and cases there cited); *De Lisle* v. *Herbs* (25 Hun, 485). Some of these cases show that it is not decisive of the equitable right of subrogation that the mortgage was discharged instead of assigned to Edmund Hoffnagle; that, because the proper equitable protection of his rights and interests require the mortgage to be kept alive, all rights under it will survive and be enforced in an equitable action like this. Plaintiff was never made a party to any action or proceeding to foreclose her right of dower in the premises. She is entitled, in equity, to redeem as against the said purchase-money mortgage. (*Denton* v. *Nanny*, 8 Barb. Supr. Ct., 618, 623; *Mills* v. *Van Voorhies*, 20 N. Y., 412; *Bell* v. *Mayor*, 10 Paige, 49; *Brackett* v. *Baum*, 50 N. Y., 8, 11, 12; *Gibson* v. *Crehore*, 5 Pick. [Mass.], 145; S. C., 3 id., 475.)

This action was brought to recover dower in the premises, on the assumption that such purchase-money mortgage had been discharged and had no existence as against the plaintiff's right of dower. Plaintiff shows no right to recover in this action. Defendants should have judgment upon the merits, without prejudice to plaintiff's right to maintain an action to redeem the premises from such mortgage, and, upon such redemption, to recover dower.

Judgment is ordered accordingly.

LEARNED, P. J., and LANDON, J., concurred.

Judgment affirmed on opinion of court below.