MACK v. ANDERSON et al.

(Supreme Court, Special Term, Oswego County. March 23, 1895.)

1. PRINCIPAL AND SURETY—RELEASE OF SURETY—EXTENSION OF TIME.
    Taking a mortgage as additional collateral security for a debt already secured by bond and mortgage does not extend the time of payment of the original debt so as to release the surety of the debtor.

2. SAME—STIPULATION WITH PRINCIPAL.
    A stipulation between a mortgagor and mortgagee, after commencing an action to foreclose, by which the mortgagee waives his right to a deficiency judgment, does not release the mortgagor from his liability on the mortgage debt, and therefore does not affect the liability of his surety.

Action by John J. Mack against Robert H. Anderson and others to foreclose a mortgage. Judgment for plaintiff.

W. H. Kenyon, for plaintiff.
D. D. Metcalf, for defendant Anderson.

WRIGHT, J. The plaintiff held a bond and mortgage executed by the defendant Metcalf. The mortgage covered two parcels of land, one consisting of 50 acres, and the other of 25 acres. Subsequent to the execution of the mortgage, Metcalf conveyed by warranty deed the 25-acre parcel to Anderson, who paid full value, without notice of the mortgage. After the mortgage became due, Metcalf made and delivered to the plaintiff another bond and mortgage on other lands, to secure the payment in one year of

$385, that being the interest then due on the first bond and mortgage. The plaintiff, after commencing this action to foreclose both mortgages, executed with Metcalf a stipulation by which the plaintiff waived "all claim to recover a judgment for deficiency herein" against Metcalf, and Metcalf waived notice of application for judgment herein and of reference to that end. The defendant Anderson made default, and the action proceeded to judgment, no provision for a further judgment for a deficiency against Metcalf being made therein. Upon Anderson's application, the judgment has been opened as to him, and he allowed to come in and defend. He now urges: First, that, his land being pledged to secure Metcalf's debt, he stands in a situation similar to that of surety to Metcalf, and that the second mortgage operates as an extension of time of the payment of the original debt, and, therefore, that his 25 acres are released from the lien of the mortgage; also, second, that the stipulation is a release of a part of the bond indebtedness, and that such release operates also to discharge him as surety.

On the execution of the second mortgage, there was no express agreement to extend the time of payment of any part of the original debt, and the mere taking of the same, though on time, does not, by implication, extend the time of the payment of that part of the original debt for which it was given as additional, collateral security. Therefore, Anderson, the surety, is not thereby released. Cary v. White, 52 N. Y. 138. The stipulation does not in terms release Metcalf, the original debtor, from his liability on the bond. Does it impliedly have that effect? Not unless the bond is merged in the judgment herein. But, as to the rights of Anderson and the liabilities of Metcalf in the relationship of these codefendants to each other, the bond is not merged in the judgment in this action. Wadsworth v. Lyon, 93 N. Y. 201. The stipulation waived the right only to a contingency,—the right to take judgment in this action for a deficiency in the uncertain event of there happening to be a deficiency after the sale of the land; and its legal effect is limited to its strict terms, and they relate to the plaintiff's remedy solely in this action. It does not prejudice Anderson's right of subrogation, the right to pay the original debt, and take an assignment of the bond, mortgage, and judgment; for if he should thus seek to protect his rights, and there should prove to be a deficiency after applying on the mortgage debt the proceeds of a sale of the land described in the mortgage, exclusive of his own, the court, in order to protect Anderson's equitable rights, would permit him, under section 1628 of the Code of Civil Procedure, to bring an action against Metcalf on the bond for such deficiency. The bond in his hands would still be valid for that purpose. Wadsworth v. Lyon, supra. Metcalf could not be injured by such a course, for he still owes the debt, and he knew at the time he took the stipulation that, as between himself and Anderson, he was obtaining no release from his obligation on the bond in case Anderson should pay the debt and take an assignment of the securities. He was content to provide himself

against liability for a deficiency in this action, and the parties, therefore, did not mention the bond or debt in their stipulation. The waiver of contingency in this case is far different from the positive act of releasing a part of a debt, or of releasing a security to which the surety would be entitled by the doctrine of subrogation, as was done in Barnes v. Mott, 64 N. Y. 397. In this case the surety has lost no rights whatever by the stipulation.

Judgment is ordered for the plaintiff, with costs of the term against Anderson.