(36 Misc. Rep. 490.)

PETERS v. EDEN et al.

(Supreme Court, Special Term, Kings County. December, 1901.)

MORTGAGE LIENS—PRIORITIES.

In a contract of sale the grantor consented that the purchase-money mortgage to be given should be a lien subsequent to the mortgage which the grantee was to negotiate on the premises. *Held*, that a person taking up the latter mortgage acquires a lien on the premises prior to that of the purchase-money mortgage.

Action by Anna M. Peters against Frederick Eden and others. Complaint dismissed as to Eden, with costs.

Wm. M. Benedict, for plaintiff.
R. A. Morrison, for defendant Eden.
H. S. Worthley, for defendant Burkhardt.

RUSSELL, J. The controversy comes between two mortgagees as to priority of lienage. The plaintiff claims that her purchase-money mortgage stands first; the defendant Eden, that his mortgage, though subsequent in time, is a substituted security for a mortgage of similar amount given by the common mortgagor, Maria A. Burkhardt, by agreement with the plaintiff to stand as prior to her mortgage for the purchase money. The premises covered by the liens were originally owned by the plaintiff, Peters. On the 5th day of June, 1894, she contracted to sell them to the defendant Burkhardt. The purchaser agreed to pay $2,300, of which $300 was to be paid on delivery of the deed and $2,000 secured by mortgage. It was also agreed "that the party of the second part may, if she so elects, procure a loan of not exceeding $4,000 on bond and mortgage, as affecting premises herein described, and that the said party of the first part will consent that such mortgage may be recorded as a first and prior lien against said premises, and as previous to the mortgage of $2,000 in favor of said party of the first part." There is a lack of affirmative evidence that the mortga-e which was executed to Wenz for $4,000 in pursuance of the agreement, and which was recorded prior to the plaintiff's mortgage, was given to raise money for improvements which would enhance the value of the premises, and so, perhaps, render the mortgage of the plaintiff more effective security; but from the fact that plaint ff d'd assent to the prior imposition on the premises, it may be assumed that she received what was to her a satisfactory equivalent for her concession. For some cause not directly apparent from the evidence the mortgagor on the 2d of October, 1894, changed her mort-

gage creditor by getting $4,000 of Eden and paying Wenz, getting from him a satisfaction piece. As to the mortgagor, therefore, the change was merely a substitution of one creditor for another upon the debt and security. Can the plaintiff for her mortgage claim a benefit from the transaction, in which she did not participate, to free her security from a loan and lienage to which she had consented? There was no intent to subordinate the Eden security to the plaintiff's lien. He evidently relied on the right of the mortgagor to give him the first mortgage. The omission to take a formal assignment from Wenz did not prevent him from coming in at the request of the mortgagor as the successor to the same obligation of that mortgagor. The debt was the same, and was the thing of substance without which either mortgage would be worthless. Each drew its life and effective force from the consent of the plaintiff to subordinate her obligation to the thing of substance,—the advance of $4,000 in cash, and its continuing existence until repaid by the debtor herself, when alone her obligation and plaintiff's agreement were extinguished and satisfied. As well might plaintiff now claim superiority if Wenz had taken and recorded his mortgage, and, being unable to advance the money, had released and discharged that mortgage to give way to Eden, who did furnish the sum required. Pertinent authorities sustain this view. Even though there is no contract, express or implied, for substitution, one who advances money at the request of another to pay off or redeem a security may, if it be equitable, be entitled to subrogation or substitution. Gans v. Thieme, 93 N. Y. 225. Payment of a mortgage without knowledge of a judgment lien gives the right of substitution. Barnes v. Mott, 64 N. Y. 397, 21 Am. Rep. 625. The conclusion is that the Eden mortgage is superior in priority to that of the plaintiff, and as to him the complaint must be dismissed, with costs.

Complaint dismissed as to defendant Eden, with costs.