### SHELDON *v.* HOFFNAGLE *et al.*

(*Supreme Court, General Term, Third Department.* February 7, 1889.)

1. DOWER—RIGHT TO—PRIORITY OF PURCHASE-MONEY MORTGAGE.
   A widow's right of dower is subordinate to a purchase-money mortgage executed by the husband alone during coverture.

2. SAME—PAYMENT BY JUNIOR MORTGAGEE—SUBROGATION.
   Where such mortgage is paid off and discharged by a junior mortgagee, as allowed by the decree in his action to foreclose, under which he has bid in the property, he is subrogated to the rights of the mortgagee in the purchase-money mortgage as against the widow's claim of dower.

Appeal from special term, Essex county.

Action by Sarah C. Sheldon against Abraham W. Hoffnagle and others. The following opinion was rendered below by TAPPAN, J., at the June term, 1886: "This is an action to recover dower; the trial was had before the court without a jury. The facts upon which the rights of the parties depend are stated in the findings of fact, upon which judgment is ordered, and are restated in this opinion. The lands from which plaintiff claims dower were purchased by Oscar F. Sheldon, her husband, during coverture; and he executed a mortgage to his grantors for and to secure the full purchase price. As against the mortgagees in such mortgage, or those claiming under them,

although she did not unite in such mortgage, plaintiff is not entitled to dower. 3 Rev. St. (7th Ed.) p. 2197, § 5; *Brackett* v. *Baum*, 50 N. Y. 8. Edmund Hoffnagle did not purchase the property described in the complaint of Oscar F. Sheldon, and promise to pay this purchase-money mortgage as part of the consideration of his purchase. He had debts against said Sheldon, secured by a junior mortgage upon the premises covered by such original purchase-money mortgage. He paid up such last mortgage in the first instance by virtue of a privilege given by his mortgage to preserve his security, and after he had bid in the premises upon the foreclosure of his own mortgage he paid up the purchase-money mortgage, as allowed by the decree in the action brought to foreclose his mortgage, to protect his own title, and caused such purchase-money mortgage to be satisfied and discharged. Having paid under such circumstances, he became equitably subrogated to the rights of the mortgagees in the purchase-money mortgage, notwithstanding that mortgage was satisfied and discharged; and he and the defendants, who derive title from him, claim under such mortgagees, and as against the plaintiff's claim for dower in the premises they have the same rights as such mortgagees in possession would have. As to right of subrogation, see Thomas, Mortg. (2d Ed.) §§ 451–453; *Hyde* v. *Tanner*, 1 Barb. 76; *Runyan* v. *Stewart*, 12 Barb. 537; *Barnes* v. *Mott*, 64 N. Y. 397, 401; *Popkin* v. *Bumstead*, 8 Mass. 490, 493; *Barnes* v. *Camack*, 1 Barb. 392, and cases there cited; *De Lisle* v. *Herbs*, 25 Hun, 485. Some of these cases show that it is not decisive of the equitable right of subrogation that the mortgage was discharged instead of assigned to Edmund Hoffnagle; that, because the proper equitable protection of his rights and interests require that the mortgage be kept alive, all rights under it will survive and be enforced in an equitable action like this. Plaintiff was never made a party to any action or proceeding to foreclose her right of dower in the premises. She is entitled in equity to redeem as against the said purchase-money mortgage. *Denton* v. *Nanny*, 8 Barb. 618, 623; *Mills* v. *Van Voorhies*, 20 N. Y. 412; *Bell* v. *Mayor*, 10 Paige, 49; *Brackett* v. *Baum*, 50 N. Y. 8, 11, 12; *Gibson* v. *Crehore*, 5 Pick. 145, 3 Pick. 475. This action was brought to recover dower in the premises, on the assumption that such purchase-money mortgage had been discharged, and had no existence against the plaintiff's right of dower. Plaintiff shows no right to recover in this action. Defendants should have judgment upon the merits, without prejudice to plaintiff's right to maintain an action to redeem the premises from such mortgage, and upon such redemption to recover dower. Judgment is ordered accordingly." Plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*Byron Pond*, for appellant. *Hand, Kellogg & Hale*, for respondents.

INGALLS, J. The decision by the court at special term was quite as favorable to the plaintiff as the facts and law would warrant, and the judgment entered in the action should be affirmed, with costs. The reasons assigned by the learned justice who tried the action as they appear in his opinion, are so far satisfactory as to render it unnecessary to further discuss the questions involved. Neither the facts nor the law establish in favor of the plaintiff any right or equity superior to that which the judgment herein secures to her. All concur.