ANNA MARIA PETERS, Appellant, *v.* ALFRED MEYER and Others, Defendants, Impleaded with FREDERICK F. EDEN, Respondent.

*Equitable subrogation of one advancing money, used to pay a first mortgage as against another subsisting mortgage on the same premises.*

On the sale of a parcel of real estate, the vendor took back a mortgage for a portion of the purchase price and agreed that the vendee might place another mortgage upon the property, which should be a lien prior to that of the purchase-money mortgage. In pursuance of such agreement the vendee did place another mortgage upon the premises and thereafter, for some undisclosed reason, he paid off the last-mentioned mortgage with money borrowed for that purpose, obtained a satisfaction piece of the mortgage and executed a new mortgage in the same amount to the person from whom he had borrowed the money.

*Held,* that the new mortgage constituted a lien prior to that of the purchase-money mortgage.

APPEAL by the plaintiff, Anna Maria Peters, from a judgment of the Supreme Court in favor of the defendant Frederick F. Eden, entered in the office of the clerk of the county of Kings on the 8th day of January, 1902, upon the decision of the court, rendered after a trial at the Kings County Special Term, dismissing the complaint as to said defendant.

*William M. Benedict,* for the appellant.

*Charles Bradshaw* and *Robert A. Morrison,* for the respondent.

Judgment affirmed, with costs, on the opinion of RUSSELL, J., at Special Term.

All concurred.

The following is the opinion of RUSSELL, J., delivered at Special Term:

RUSSELL, J. :

The controversy comes between the mortgagees as to priority of lienage. The plaintiff claims that her purchase-money mortgage stands first ; the defendant Eden that his mortgage, though subsequent in time, is a substituted security for a mortgage of similar amount given by the common mortgagor for the purchase money.

The premises covered by the liens were originally owned by the

plaintiff Peters. On the 5th day of June, 1894, she contracted to sell them to the defendant Burkhardt. The purchaser agreed to pay $2,300, of which $300 was to be paid on delivery of the deed and $2,000 to be secured by mortgage. It was also agreed " that the party of the second part may, if she so elects, procure an advance or loan of not exceeding Four thousand dollars on bond and mortgage as affecting premises herein described, and that the said party of the first part will consent that such mortgage may be recorded as a first and prior lien against said premises and as previous to the mortgage of $2,000 in favor of the said party hereto of the first part."

There is a lack of affirmative evidence that the mortgage which was executed to Wenz for $4,000 in pursuance of the agreement, and which was recorded prior to the plaintiff's mortgage, was given to raise money for improvements which would enhance the value of the premises, and so perhaps render the mortgage to the plaintiff more effective security, but, from the fact that plaintiff did assent to the prior imposition on the premises, it may be assumed that she received what was to her a satisfactory equivalent for her concession.

For some cause, not directly apparent from the evidence, the mortgagor, on the 2d of October, 1894, changed her mortgage creditor by getting $4,000 of Eden and paying Wenz, getting from him a satisfaction piece. As to the mortgagor, therefore, the change was merely a substitution of one creditor for another upon the debt and security. Can the plaintiff for her mortgage claim a benefit from the transaction in which she did not participate, to free her security from a loan and lienage to which she had consented ?

There was no intent to subordinate the Eden security to the plaintiff's lien. He evidently relied on the right of the mortgagor to give him the first mortgage. The omission to take a formal assignment from Wenz did not prevent him from coming in at the request of the mortgagor as the successor to the same obligation of that mortgagor; the debt was the same, and was the thing of substance without which either mortgage would be worthless ; each drew its life and effective force from the consent of the plaintiff to subordinate her obligation to the thing of substance, the advance of $4,000 in cash and its continuing existence until repaid by the debtor herself, when alone her obligation and plaintiff's agreement were extin-

guished and satisfied. As well might plaintiff now claim superiority if Wenz had taken and recorded his mortgage, and being unable to advance the money, had released and discharged that mortgage to give way to Eden, who did furnish the sum required.

Pertinent authorities sustain this view. Even though there is no contract, express or implied, for substitution, one who advances money at the request of another to pay off or redeem a security, may, if it be equitable, be entitled to subrogation or substitution. (*Gans* v. *Thieme*, 93 N. Y. 225.) Payment of a mortgage without knowledge of a judgment lien gives the right of substitution. (*Barnes* v. *Mott*, 64 N. Y. 397.) The conclusion is that the Eden mortgage is superior in priority to that of plaintiff, and as to him the complaint must be dismissed, with costs.