(91 Misc. Rep. 273)

## ZIMMERMANN v. HALLER et al.

(Supreme Court, Special Term, Erie County.   July 27, 1915.)

SUBROGATION ☞14—MORTGAGES—PAYMENT UNDER MISTAKE OF FACT.

An owner of land upon which there was a mortgage mortgaged it to defendant without informing him of the existence of the first mortgage. Subsequently he conveyed to plaintiff, without informing plaintiff of the existence of the second mortgage.   Neither plaintiff nor defendant had examined the records to ascertain the existence of incumbrances.   Plaintiff subsequently paid off the first mortgage, and then became aware of the existence of the mortgage to defendant.   *Held*, that the plaintiff, not having personally assumed either mortgage and having paid off the first mortgage as under a mistake of fact, was entitled to be subrogated to the rights of the original mortgagee.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 35–39; Dec. Dig. ☞14.]

Suit by Adolph Zimmermann against Henry Haller and another. Decree for plaintiff.

Lewis & Carroll, of Buffalo, for plaintiff.

William G. Kilhoffer, of Buffalo (Joseph P. Schattner, of Buffalo, of counsel), for defendant Haller.

Carl H. Smith, of Buffalo, pro se.

TAYLOR, J.   In May, 1910, one Bausch purchased certain premises in the city of Buffalo from the Elizabeth White estate, and gave back to that estate a purchase-money mortgage for $8,500.   This mortgage was promptly recorded.   In June following Bausch quitclaimed to one William Speidel.   The following October Speidel mortgaged said premises to the defendant Haller for $3,500, and this mortgage was promptly recorded.   In July of the following year Speidel conveyed these premises to this plaintiff by warranty deed, which deed was delivered and recorded.   Between June 6, 1911, and October, 1913, Zimmermann duly paid off the $8,500 mortgage in full.   When Speidel executed the mortgage to the defendant Haller, he fraudulently misrepresented that Haller's mortgage was a first mortgage, and when Speidel conveyed to Zimmermann he fraudulently misrepresented to the grantee that there was no mortgage on the premises other than the $8,500 mortgage.   Neither Haller nor Zimmermann examined the records, and neither discovered the truth until along in the year 1914.

Zimmermann sues Haller and the representative of the White estate to have the $8,500 mortgage reinstated for his benefit; that is, that he be subrogated to the White estate.   Haller defends, claiming, in the main, that, while he and Zimmermann were both unwise in not examining the records, Zimmermann is not in a position to be subrogated.

The plaintiff is entitled to the equitable relief demanded in the complaint.   He had not personally assumed or agreed to pay either incumbrance.   It is clear that the plaintiff paid the first mortgage under circumstances authorizing the inference of a mistake of fact.   He is therefore entitled to the relief demanded, unless there are superior intervening equities.   Barnes v. Mott, 64 N. Y. 401, 21 Am. Rep. 625.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

There are no superior equities. The defendant Haller is in no way prejudiced if the lien of the first mortgage be reinstated. He had purchased a second mortgage, and if the plaintiff obtains a judgment here the defendant Haller will still have a second mortgage. He has neither gained nor lost. His position remains the same as it was when he first acquired an interest in the premises. On the other hand, if the complaint is dismissed, defendant Haller will have acquired an advantage to which he is not entitled. Through no act of his, and solely by reason of the mistake of the plaintiff, defendant Haller's junior mortgage will then have ripened into a first mortgage. In such a situation, the court, in the exercise of its equity power, will reinstate the White mortgage, and permit the plaintiff to be subrogated to all the former rights of the mortgagee thereunder.

This disposition of the case works exact justice between the parties and violates no rule of law. Subrogation is, in point of fact, simply a means by which equity works out justice between man and man. Judge Peckham says, in Pease v. Egan, 131 N. Y. 262, 30 N. E. 102, that "it is a remedy which equity seizes upon in order to accomplish what is just and fair as between the parties"; and the courts incline rather to extend than to restrict the principle, and the doctrine has been steadily growing and expanding in importance. It is clear that, if the plaintiff had paid off the White mortgage will full knowledge of the defendant's lien, he would have been entitled to be subrogated to the rights of the mortgagee. Pomeroy, Equity Jurisprudence, § 798; Sheldon on Subrogation, § 28; Clute v. Emmerich, 99 N. Y. 342, 2 N. E. 6. In other words, the plaintiff would have been entitled to an assignment of the mortgage; and this being so, it cannot, in this case, be a matter of controlling importance that he did not know of the defendant's mortgage. The court will relieve the plaintiff from the consequences of his mistake, since no one is prejudiced by the plaintiff's mistake.

I have not lost sight of the fact that defendant Haller believed he had purchased a first mortgage, and that he was not aware of the existence of the White mortgage until some time after it had been canceled of record. But such lack of knowledge is immaterial. Whatever defendant Haller believed on the subject, the fact is that he had purchased a second mortgage, which investigation of the records would have shown to him, and it would be inequitable to permit him to succeed to the rights of a first mortgagee simply because the plaintiff had failed to investigate the facts before satisfying the first mortgage lien. This is another instance where one of two parties must suffer when both are the victims of a rascal. I place the burden where I think it ought to be placed under the law; but under the circumstances I grant no costs.