Van Kirk, P. J.
The action was brought to have a certain deed and a certain discharge of mortgage canceled of record, to have the mortgage restored as a purchase-money mortgage and to foreclose it.
In 1920 plaintiff Hennessy agreed to sell to defendant Nelson King, at the agreed price of $17,000, a farm and personal property ($5,000 for the personal property), with a further agreement that, when $7,000 of the purchase price was paid, Hennessy would give a deed of the farm and take back a mortgage for $10,000. This latter transaction was carried out on February 4,1921, the purchase-money mortgage becoming a first hen upon the farm.
About three years thereafter, January 10, 1924, this defendant King and wife executed and delivered to Oliver and Spellman, defendants, a mortgage to secure $3,000, payable one year after date, this becoming the second mortgage on this farm.
In October, 1925, King was in default on the Hennessy mortgage. .In the course of negotiations between Hennessy and King, which were had entirely through an attorney, the time came when King proposed that, if Hennessy would release him of claims of all kinds, he would deed the farm to Hennessy. The attorney drew the proposed deed without the knowledge of, or authority from, Hennessy, and Hennessy was not present when it was drawn. The proposition and the deed were presented to Hennessy. After some protest he executed the release, and the deed and release respectively were delivered. A little later Hennessy executed a discharge of his mortgage; thereupon the deed and discharge were recorded. At that time no search of the records was made and Hennessy had no knowledge of the existence of the $3,000 mortgage. As a result the $3,000 mortgage remained of record a first lien upon the farm.
The King deed to Hennessy contained this: “ The above described premises are now subject to the mortgage given by Nelson King to Patrick W. Hennessy on which there is now due approximately $11,000 which bond and mortgage the party of the second part, said Patrick W. Hennessy assumes and agrees to pay as the purchase price under this conveyance.” It was a warranty deed and contained no mention of this $3,000 mortgage which the same attorney had drawn at the request of Oliver and Spellman. Both Mr. and Mrs. King knew of this mortgage when the deed King to Hennessy was prepared and executed by them and both say they thought of the mortgage but refrained from mentioning it, as did the attorney. *154 This silence was as effective to deceive as a direct fraudulent representation (Beardsley v. Duntley, 69 N. Y. 577, 581) and Hennessy was deceived thereby. He accepted the deed and executed the release and discharge under mistake of fact. He has been seriously prejudiced thereby, while the Kings, whose acts deceived him, have not suffered. As between the Kings and Hennessy there is no reason why equity should not reheve him from the consequences of his mistake. (Barnes v. Camack, 1 Barb. 392, 396; Barnes v. Mott, 64 N. Y. 397, 401; Peters v. Meyer, 72 App. Div. 585; Payne v. Wilson, 11 Hun, 302, 305; affd., 74 N. Y. 348; Sheldon v. Hoffnagle, 51 Hun, 478, 480; Haviland v. Willets, 141 N. Y. 35.)
The same rules apply to the rights of Oliver and Spellman under their $3,000- mortgage. They parted with nothing to procure, or by reason of, the discharge and claim they knew nothing of the discharge until it was of record. As between them and Hennessy of course there was no intent that the lien of the Hennessy mortgage should be extinguished when Hennessy accepted the deed of the premises. They, it is true, were not parties to the transactions between King and Hennessy but their attorney, who drew their mortgage and who had done other business for them, was. They knew of the lien of the Hennessy mortgage when they took their mortgage. They for years had had an open account with King on which in July, 1925, was due $3,000 and King’s mortgage debt was not too well secured. Evidently it would be much to their advantage to have the Hennessy mortgage canceled of record. But whatever may have been the reason for the silence of their attorney, Oliver and Spellman will not be prejudiced by the restoration of the Hennessy mortgage; they will be placed, as will all of the parties, in the exact position in which they were before this mortgage was discharged. Theirs is not a purchase-money mortgage; they are not bonafide mortgagees; they did not make a present loan or part with any money relying upon the mortgage. (Payne v. Wilson, 74 N. Y. 348, 355.) They have loaned no money, nor have they done any act on the faith or strength of the discharge. They must give preference to the equity of Hennessy. (Barnes v. Camack, supra.)
While the general rule is that the mortgagee’s purchase of the equity of redemption results in the extinguishment of the mortgage debt (41 C. J. § 871) and the lien is extinguished by merger, yet the lien may be kept alive against junior incumbrancers if equity so determines or the parties so intend; the courts do not favor merger and will presume against it wherever it will operate to the disadvantage of the party. (40 C. J. 649, 650; 41 id. 506, § 438.) It will be greatly to the disadvantage of plaintiff if his mortgage *155 be not restored of record. Equity has power to relieve him from the burden of his mistake and thus prevent injustice being done. (Zimmermann v. Haller, 91 Misc. 273; affd., 173 App. Div. 1003; and cases hereinbefore cited.) The discharge should be vacated and canceled of record and the mortgage kept alive against junior liens and incumbrances.
But this result does not furnish complete relief. While the deed King to Hennessy and the release Hennessy to King stand, the $10,000 mortgage, though restored, is security for no indebtedness due, since it is kept alive as against junior incumbrances only. The second mortgage is still a valid hen on the farm,.subject only to a prior hen to the amount due on the first mortgage. The mortgagees in the second mortgage may not choose to foreclose. Equity is not content to render partial or crippled relief when it has jurisdiction of the subject-matter and of the parties. To render full justice the King deed and the Hennessy release should be set aside and canceled of record. Equity may so decree and permit the plaintiff to continue this action to foreclose his mortgage. (Weaver v. Edwards, 39 Hun, 233; affd., on opinion below, 121 N. Y. 653.)
Hennessy, since he resumed possession of the farm under the King deed, has had the control and proceeds of the farm. In the foreclosure proceedings he must account therefor.
The judgment should be reversed on the law and facts, with costs in this court, and the matter remitted to continue and determine the case as one for foreclosure of the Hennessy mortgage. All the necessary parties are in court.
Davis, Whitmyer, Hill and Hasbrouck, JJ., concur.
Judgment reversed on the law and facts, with costs in this court, and the matter remitted to continue and determine the case as one for foreclosure of the Hennessy mortgage.
The court disapproves of findings of fact as follows: That part of finding 7 beginning with, and after, the words “ and plaintiff thereupon agreed to this; ” finding 10 so far as it finds that, in preparing the deed King to Hennessy, Fitzpatrick was acting as the attorney and agent of plaintiff; finding 15 and the findings of fact stated in the conclusions of law. And the court finds that the deed King to Hennessy was prepared in the presence of King and wife only, without authority from Hennessy and without his knowledge or consent at the time; that plaintiff accepted this warranty deed and executed and delivered the release and the discharge of the $10,000 mortgage under a mistake of fact, induced by the intentional misleading statements in said deed; that plaintiff was not guilty of any negligence in failing to search the records *156 before giving his release which is decisive of his equitable rights; that the agreed price for the personal property sold by Hennessy to King was $5,000; the Hennessy mortgage is a purchase-money mortgage; the Oliver and Spellman mortgage is not; that plaintiff is entitled to the relief above stated.