THE THRIFT, Appellant, *v.* HENRY E. MICHAELIS and Others, Defendants, Impleaded with FREDERICK WAGNER and Another, as Executors, etc., of MARIE WAGNER, Deceased, Respondents.

Second Department, December 18, 1931.

*Samuel C. Whitman,* for the appellant.

*Louis J. Halbert,* for the respondents.

YOUNG, J. The action was brought to foreclose a mortgage of $3,500, dated August 18, 1927, made to the plaintiff by defendants Henry E. Michaelis and Mary, his wife, and recorded August 22, 1927. In the complaint it is alleged that this mortgage sought to be foreclosed was made for the purpose of taking up three other mortgages upon the property in question; that, at the time the mortgage was made, the owner of the property told the plaintiff that there were no other mortgages on the property, and, at the time the search was made in June, 1927, no other mortgage appeared. However, when the loan was consummated and the three prior mortgages paid off and satisfied in August, the search for plaintiff's benefit was not continued to date, and, after plaintiff's mortgage was recorded on August 22, 1927, it was discovered that a mortgage which had been made by the defendant Michaelis and his wife, dated December 30, 1926, for $1,460, had been recorded on August 10, 1927. It thus appears that, in point of time, the Wagner mortgage, instead of being a fourth mortgage on the property, is now a first mortgage thereon, and that plaintiff's mortgage, which was supposed by it to take the place of the three earlier mortgages, is now a second mortgage subject to the Wagner mortgage, and

the plaintiff, in its complaint in this foreclosure action, asks that the plaintiff be subrogated to the rights of the three mortgagees whose mortgages were of record at the time the Wagner mortgage became a lien upon the property, so that the Wagner mortgage will occupy the same position as formerly, that is, it will be subsequent to plaintiff's mortgage, which mortgage took the place of the three earlier mortgages, now satisfied of record. This relief was denied at Special Term.

I think the decision is correct. The rule as to subrogation is stated in many places. It is summed up in 25 Ruling Case Law, at page 1337, subdivision 22, as follows: " It is the well settled general rule that the loan of money to a debtor to discharge his obligations does not of itself entitle the lender to be subrogated to securities which the creditor held for the enforcement of the obligation, and before a third person paying a debt secured by mortgage or advancing money therefor can be subrogated to the rights of the holder of the mortgage thus paid, he must show that he acted at the request of the debtor or auditor, or to discharge a liability of his own, or to protect an interest of his, or in pursuance of an agreement or understanding for subrogation. In other words, if a volunteer pays off or loans money to pay off an incumbrance without taking an assignment thereof, and without an agreement for substitution, he cannot invoke the doctrine of subrogation, in the absence of fraud, mistake, or some other consideration whereon equity can ground its jurisdiction. It is the agreement that the security shall be kept alive for the benefit of the person making the payment which gives the right of subrogation, because it takes away the character of a mere volunteer. So where money is borrowed for the express purpose of paying incumbrances but without any agreement that the incumbrance discharged shall be kept alive or that the mortgage given shall be a first lien, the lender is not entitled to be subrogated to the rights of a lienor whose lien was discharged, as against the lien of a judgment entered after negotiations for the new loan were begun but before they were completed. The fact that a subsequent mortgagee's lien will occupy the same relation to the property if one who has advanced money secured by a mortgage on the real estate, to pay off the prior mortgage, is subrogated to the rights of the holder of the first mortgage, affords no reason why equity should permit the one so advancing the money to be subrogated to the rights of the holder of the first mortgage."

The appellant insists that it is entitled to subrogation under well-known equitable principles laid down in many cases, and it cites, to uphold its contention, *Barnes* v. *Mott* (64 N. Y. 397);

*Gans* v. *Thieme* (93 id. 225); *Clute* v. *Emmerich* (99 id. 342); *Zimmermann* v. *Haller* (91 Misc. 273).

An examination of these cases discloses that none involves facts at all similar to those presented upon the present appeal. In all these cases it was the owner of the property who asked relief and who had some interest to protect. In no case was the one seeking relief an outsider or volunteer, as appears in the present case.

In *Banta* v. *Garmo* (1 Sandf. Ch. 383) it was said: " No case can be found where a third person after voluntarily and intentionally discharging a lien in which he had no prior interest, and on the faith of another security, has been permitted as against other incumbrancers, to revive such lien, on ascertaining that his own security was worthless. And if the question were open, I should at once say that the evils which would flow from the adoption of such a principle, would far overbalance the hardship of particular cases which occur under the rule of law as now settled."

The judgment should be affirmed, with costs.

LAZANSKY, P. J., HAGARTY and TOMPKINS, JJ., concur; KAPPER, J., dissents and votes to reverse, with the following memorandum:

KAPPER, J. (dissenting). I think the position of the executors, as claimed by them, is unjust. They are no worse off by upholding plaintiff's claim than they were before the satisfaction of the prior mortgages. The judgment appealed from gives them something to which their only basis of right is an oversight on plaintiff's part, and the result reached by the judgment appears to me to be unconscionable.

Judgment affirmed, with costs.